UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAN BARBA,

                    Plaintiff,

      -against-

JOY TRAVEL (NY) INC.,

                  Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19 CV 6958 (RPK) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On December 12, 2019, plaintiff Dan Barba commenced this action against defendant Joy Travel (NY) Inc. ("Joy Travel"), alleging violations of the Copyright Act, 17 U.S.C. § 101, et seq., arising out of Joy Travel's unauthorized reproduction and public display of a copyrighted photograph of parasailing in Seattle, which photograph was owned and registered by plaintiff Barba.

When defendant Joy Travel failed to answer or respond to the Summons and Complaint in this action, the Clerk of Court entered a default against the defendant on February 12, 2020. Currently pending before this Court on referral from the district judge is plaintiff's motion for default judgment.

For the reasons set forth below, it is respectfully recommended that plaintiff be awarded $1,355.00 in compensatory damages and $440 in fees and costs.

FACTUAL BACKGROUND

Plaintiff alleges that he is a professional photographer who licenses his photographs for a

fee. (Compl.[1] ¶ 5). Plaintiff's principal place of business is located at 19337 SW 65th Street, Pembroke Pines, Florida 33332. (Id.)  Defendant Joy Travel is alleged to be a corporation organized and existing under the laws of the State of New York, with its place of business located at 39-10 Main Street, #203, Flushing, N.Y. 11354. (Id. ¶ 6). According to the Complaint, Joy Travel operates a website at the URL www.JoyTrav.com ("defendant's website"). (Id.)

Plaintiff alleges that he photographed parasailing in Seattle and he has attached a copy of the subject photograph (the "Photograph") to his Complaint as Exhibit A. (Id. ¶ 7). Plaintiff registered the Photograph with the United States Copyright Office and was given registration number VA 2-179-511. (Id. ¶ 10). Plaintiff claims that he is the sole owner of all right, title, and interest in the Photograph. (Id. ¶ 8).[2]

According to the Complaint, defendant Joy Travel ran the Photograph on defendant's website to promote a trip to Seattle. (Id. ¶ 11, Ex. B (https://www.joytrav.com/32789.html)). Plaintiff alleges that Joy Travel did not license the Photograph for use on its website, nor did it obtain plaintiff's permission or consent to publish the Photograph. (Id. ¶ 12). Plaintiff brings a claim for willful and intentional copyright infringement, pursuant to 17 U.S.C. §§ 106 and 501, seeking damages and defendant's profits. (Id. ¶¶ 15-18; see 17 U.S.C. § 504(b)).

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on December 12, 2019, ECF No. 1.
[2] The Court notes that there is no paragraph number 9 in the Complaint.

DISCUSSION

I.  Default Judgment

    A. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id.; see also Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b). The Clerk of the Court entered a default against defendant on February 12, 2020. To date, defendant has not moved to vacate the default judgement.

Providing guidance as to when a default judgment is appropriate, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored" and doubts should be resolved in favor of the defaulting party. Id. Accordingly, the plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default. See

Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

The Court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including (1) whether the grounds for default are clearly established; (2) whether the claims were adequately pleaded in the Complaint, thereby placing the defendant on notice, see Fed. R. Civ. P. 54(c) (stating: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); King v. STL Consulting LLC, No. 05 CV 2719, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated in awarding damages that accrued during the pendency of a litigation, so long as the complaint put the defendant on notice that the plaintiff may seek such damages); and (3) the amount of money potentially involved.  See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992).  The more money involved, the less justification for entering the default judgment.  Id.  Additionally, the Court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and whether the default judgment might have a harsh effect on the defendant.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

B. Entry of Default Judgment

Plaintiff alleges a violation of the Copyright Act, 17 U.S.C. §§ 101, et seq.  The Copyright Act is the principal statute protecting against copyright infringement.  The goal of copyright protection is to "encourage the creator of an original work in a medium of expression . . . by giving the creator the exclusive right 'to reproduce' the work, 'to prepare derivative works,' 'to distribute copies or phonorecords,' 'to perform' the work, and 'to display' the work."

Warner Bros., Inc. v. Dae Rim Trading, Inc., 677 F. Supp. 740, 760 (S.D.N.Y. 1988) (quoting 17 U.S.C. § 106). Although the word "counterfeit" never appears in the Act, Section 501(a) of the Copyright Act proscribes the unauthorized reproduction and copying of works of an owner holding an exclusive copyright in an original work of authorship. 17 U.S.C. §§ 501(a), 102; see Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1113 (2d Cir. 1986).

"Copying" means "'the infringing of any of the copyright owner's five exclusive rights, described at 17 U.S.C. § 106.'" Microsoft Corp. v. Harmony Computers & Elecs., Inc., 846 F. Supp. 208, 210 (E.D.N.Y. 1994) (quoting S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1085 n. 3 (9th Cir. 1989)). Among the rights conferred upon the holder of a copyright are the exclusive rights to engage in and to authorize the reproduction of the copyrighted work in copies, 17 U.S.C. § 106(1), to prepare derivative works based on the copyrighted work, 17 U.S.C. § 106(2), and to distribute copies of the copyrighted work to the public by sale, rental, lease, or other transfer of ownership. 17 U.S.C. § 106(3). See Microsoft Corp. v. Harmony Computers & Elecs., Inc., 846 F. Supp. at 210-11.

It is well established that in order to prove the elements of a copyright infringement action, a plaintiff must show: (1) ownership of a valid copyright, and (2) that defendant violated one of the exclusive rights held by the plaintiff in the work. Sony Music Entertainment, Inc. v. Does 1-40, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004) (quotation marks and citations omitted); see also Capitol Records, LLC v. ReDigi, Inc., No. 12 CV 95, 2013 WL 1286134, at *4 (S.D.N.Y. March 30, 2013); Psihoyos v. Pearson Educ., Inc., 855 F. Supp. 2d 103, 116 (S.D.N.Y. 2012) (citation omitted); Zappa v. Rykodisc, Inc., 819 F. Supp. 2d 307, 315 (S.D.N.Y. 2011); Pearson Educ., Inc. v. Kumar, 721 F. Supp. 2d 166, 175 (S.D.N.Y. 2010) (citations omitted). Under the Act, "[a]nyone who violates any of the exclusive rights of the copyright

owner as provided by section 106 through 122 . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501. Thus, "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ., Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (citing Harper & Row Publishers, Inc. v. National Enterprises, 471 U.S. 539, 548 (1985)).

Turning to the first element required to establish a claim for infringement, the Copyright Act provides that "a certificate of [copyright] registration made before or within five years after first publication of the work shall constitute evidence of the validity of the copyright." 17 U.S.C. § 410(c); see also CJ Prod. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 127, 142 (E.D.N.Y. 2011); Yurman Design, Inc. v. Golden Treasure Imports, Inc., 275 F. Supp. 2d 506, 514 (S.D.N.Y. 2003). While the presumption of validity is rebuttable, see Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir.), cert. denied, 522 U.S. 908 (1997); Folio Impressions, Inc. v. Byer Cal., 937 F.2d 759, 763 (2d Cir. 1991), it is the defendant's burden to prove the invalidity of the copyright. See Folio Impressions, Inc. v. Byer Cal., 937 F.2d at 763 (citation omitted).

Here, plaintiff has demonstrated ownership of the copyright rights to the Photograph, by providing the Certificate of Registration filed with the U.S. Copyright Office on October 14, 2019. (Liebowitz Decl.,[3] Ex. D, ECF No. 13-4). Since defendant has chosen not to appear in this action, plaintiff's proof that it holds the valid copyright had not been challenged, and the Court finds that plaintiff has satisfied the first element required to establish a claim for infringement.

---

[3] Citations to "Liebowitz Decl." refer to the Declaration of Richard Liebowitz in support of the Motion for Default Judgment, filed on November 3, 2020, ECF No. 13.

With respect to the second element needed to establish an infringement claim, "[b]oth unauthorized production and unauthorized distribution of copies of copyrighted material constitute an infringement of the copyright." Paramount Pictures Corp. v. Doe, 821 F. Supp. 82, 89 n. 6 (E.D.N.Y. 1993) (citing 17 U.S.C. §§ 106(1) and (3)). Here, plaintiff has provided evidence in the form of a copy of the Photograph itself and a screenshot of the webpage for Joy Travel displaying the same Photograph. (Compl., Exs. A, B). Plaintiff has alleged that Joy Travel did not obtain a license, nor did it have permission to display the Photograph, satisfying the second element demonstrating infringement. By failing to appear in this action, defendant has essentially conceded this element of plaintiff's copyright infringement claim.

Moreover, the allegations in the Complaint are sufficient to establish that the Photograph is "original." The Photograph is the result of plaintiff Barba's creative process. See, e.g., Renna v. Queens Ledger/Greenpoint Star Inc., 2019 WL 1061259, at *3 (holding that plaintiff met the minimal burden of originality because the photos derived from plaintiff's "choice of timing, location, and subject matter"). Thus, Joy Travel undeniably copied original elements of plaintiff's work, by using the exact photograph taken by Barba and then publishing it on its website. See Feist Publ., Inc. v. Rural Tel. Serv. Co., 499 U.S. at 361.

Furthermore, it is beyond dispute that defendant is in default. Joy Travel, a corporation, has not responded to the Complaint nor has counsel appeared on behalf of the corporation. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2 (holding that "[the defendant's] default is crystal clear – it does not even oppose this motion"). It is well settled in this Circuit that "a corporation [ ] cannot proceed pro se in federal court." Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. TriState Acoustics Corp., No. 13 CV 05558, 2014 WL 4537481, at *5 (E.D.N.Y. Sept. 11, 2014); see also

Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam). Moreover, the amount of money involved in this case is not great; therefore, unlike cases with millions of dollars potentially at stake, here, the Court does not have to hesitate before entering default judgment. See e.g., Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2 (declining to enter default judgment, in part because plaintiff's damages request ran "well into the millions of dollars," and giving defendant an opportunity to contest the entry of default). Given the amount of time afforded defendant and its apparent lack of interest in participating in these proceedings, there is no compelling reason to further delay judgment.

Accordingly, it is respectfully recommended that plaintiff's motion for entry of a default judgment be granted and that damages be awarded as set forth below.

II. Damages

Plaintiff's allegations in connection with damages, unlike his allegations pertaining to liability, are not deemed admitted in the context of a default judgment. See Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). It is the plaintiff's burden to prove damages and establish his entitlement to recovery in an evidentiary proceeding at which the defendant has the opportunity to contest the claimed damages. Id. While "the court must ensure that there is a basis for the damages specified in the default judgment, it may, but need not, make the determination through a hearing." Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (citing Transportes Aereos De Angola v. Jet Traders Inv. Corp., 624 F. Supp. 264, 266 (D. Del. 1985)), aff'd, 873 F.2d 38 (2d Cir. 1989).

Plaintiff has filed reasonably detailed affidavits, exhibits, and a memorandum of law pertaining to the damages requested. On such a straightforward matter, the Court has more than

sufficient information to make an informed recommendation regarding damages without an evidentiary hearing.

    A. <u>Damages for Copyright Infringement</u>

Section 504 provides for damage awards in cases of copyright infringement. Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, . . . or (2) statutory damages as provided by subsection (c)." 17 U.S.C. § 504(a). The statute and the cases in this circuit interpreting the statute have made it clear that the victim of a copyright infringement is entitled to elect damages based on the actual damages suffered, plus any additional profits, or he may elect statutory damages to be awarded within certain specified limits. See <u>Twin Peaks Prods., Inc. v. Publications Int'l</u>, 996 F.2d 1366, 1380 (2d Cir. 1993) (permitting plaintiff to elect statutory remedy where actual damages were not ascertainable); see also <u>Aleshouse v. Ultragraphics, Inc.</u>, 754 F.2d 467, 469 (2d Cir. 1985); <u>Engel v. Wild Oats, Inc.</u>, 644 F. Supp. 1089, 1091 (S.D.N.Y. 1986).

Here, plaintiff has elected to recover $1,355.00 representing his actual damages under 17 U.S.C. § 504(b). (Liebowitz Decl. ¶ 14). In seeking actual damages, plaintiff is looking to recoup the amount that he would have received had Joy Travel obtained a license to use the Photograph. (<u>Id.</u> ¶ 18). Under the Copyright Act, the Court, in awarding actual damages, may look to the licensing fee that "the owner was entitled to charge" for the use of his copyrighted work. <u>On Davis v. The Gap, Inc.</u>, 246 F.3d 152, 165 (2d Cir. 2001). The goal in awarding actual damages is to "compensate the owner for any harm he suffered by reason of the infringer's illegal act." <u>Id.</u> at 159. Actual damages are "what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work.'" <u>Jarvis v. K2 Inc.</u>, 486 F.3d 526, 533 (9th

Cir. 2007). In support of this licensing fee, plaintiff has provided a copy of the fee for a similar photograph available for licensing from Getty Images, Inc., a leading stock photography agency. (Leibowitz Decl. ¶ 18, Ex. E). Like the Getty Images photograph, which was licensed for $1,355 for use in an electronically distributed travel brochure, plaintiff submits that the Photograph, which was used by defendant to advertise travel services on-line, would reasonably be licensed at the same rate.

In addition, the Act authorizes an award of defendant's profits and enhanced damages of not more than $150,000 where the violation was willful. 17 U.S.C. § 504(c)(2). Plaintiff does not seek either enhanced damages or defendant's profits in this case, but simply argues that to the extent there are any doubts in awarding actual damages, the court is to resolve such doubts in favor of the copyright holder. (Liebowitz Decl. ¶ 19 (citing In Design v. K-Mart Apparel Corp., 13 F.3d 559, 564 (2d Cir. 1994)).

Recognizing the important deterrent purpose served by an award of actual damages and considering the reasonableness of plaintiff's proposed licensing fee in light of similar fees charged by other copyright holders for similar photographs, the Court respectfully recommends an award of actual damages under the Copyright Act of $1,355.00 for defendant's violation of Section 504(c)(1).

B. Plaintiff's Costs

Plaintiff also seeks an award of $440 in costs. (Liebowitz Decl. ¶ 21). Under the Copyright Act, the court has discretion to award "the recovery of full costs," which include attorneys' fees. 17 U.S.C. § 505. Here, plaintiff does not seek attorneys' fees but seeks only filing fees of $400 and personal service fees of $40, pursuant to Federal Rule of Civil Procedure

54(d). Accordingly, it is respectfully recommended that plaintiff's request for an award of costs in the amount of $440.00.

## CONCLUSION

As explained above, the Court respectfully recommends an award of $1,355.00 in damages and $440.00 in fees and costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 4, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York